[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 30, 2011
JOHN LEY
CLERK

No. 10-13977
Non-Argument Calendar
_____

Agency No. A093-408-709

WEN JING GAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 30, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Wen Jing Gao, a native and citizen of China, petitions for review of the

order by the Board of Immigration Appeals ("BIA") affirming the decision of the

Immigration Judge ("IJ"). The IJ's decision denied asylum and withholding of removal.[1] No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted). To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if she is a "refugee," that is, a person unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant

---

[1] The IJ also denied relief under the Convention Against Torture. Because Gao did not challenge this denial in her appeal to the BIA, she failed to exhaust her administrative remedies; and we lack jurisdiction to consider this issue. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006).

bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1287. Government-ordered forced sterilization or persecution for refusing to undergo such a procedure qualifies as "persecution on account of political opinion." 8 U.S.C. § 1101(a)(42)(B).

Gao sought asylum based on her fear of future persecution for violating China's population control policies because she gave birth to two children while living in the United States -- a daughter in 2004 and a son in 2007. She alleged that, if she returned to China, she would be sterilized forcibly and required to pay a fine of 40,000 yuan, or approximately $6000.

The IJ denied relief, concluding that Gao failed to demonstrate that she would be sterilized forcibly. The IJ explained that -- although Gao provided various documents about the local family planning policies of her and her husband's rural villages in the Fujian Province -- a 2007 State Department document, entitled "China: Profile of Asylum Claims and Country Conditions" ("2007 Profile"), reported that such documents were subject to widespread fabrication and fraud. Relying on portions of the 2007 Profile and the State Department's Country Report on Human Rights Practices in China for 2007 ("2007 Country Report"), the IJ noted that there had been no cases of forced abortion or sterilization in the Fujian Province in the last ten years, and population control policies were more relaxed in rural areas, permitting couples to have a

3

second child when their first child was a girl. Based on the totality of the evidence, the IJ determined that Gao failed to establish her eligibility for asylum. The IJ also rejected Gao's claim that she would be persecuted economically if she returned to China, concluding that the alleged $6000 fine would not amount to persecution.

The BIA agreed with the IJ's assessment, and concluded that the IJ's findings of fact were not clearly erroneous. Upon a de novo review, the BIA determined that Gao's credible testimony and supporting documents failed to establish an objectively reasonable fear of forced sterilization.[2] The BIA also agreed with the IJ's conclusion that Gao failed to establish an objectively reasonable possibility that the proposed fine would amount to economic persecution.

---

[2]We reject Gao's claim that the BIA erred when it reviewed the IJ's conclusion de novo and reweighed the evidence. After reviewing the IJ's factual findings for clear error, the BIA was entitled to reweigh the evidence and consider de novo whether the facts established a well-founded fear of persecution. See 8 C.F.R. § 1003.1(d)(3)(ii) (providing that the BIA "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo."); Matter of A-S-B-, 24 I.&N. Dec. 493, 496-97 (BIA 2008) (concluding that "[i]n determining whether established facts are sufficient to meet a legal standard, such as 'well-founded fear,' the [BIA] is entitled to weigh the evidence in a manner different from that accorded by the [IJ], or to conclude that the foundation for the [IJ's] legal conclusions was insufficient or otherwise not supported by the evidence of record.").

On appeal, Gao argues that she established a well-founded fear of future persecution.[3] To show a well-founded fear of future persecution, Gao had to establish that her fear both was "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. To show that she had an objectively reasonable fear based on violation of China's population control policy, she had to establish the following facts: (1) "the details of the family planning policy relevant to [her] case"; (2) that she violated the policy; and (3) that the violation "would be punished in the local area in a way that would give rise to an objective fear of future persecution." In re J-H-S-, 24 I.&N. Dec. 196, 198-99 (BIA 2007).

After review, we cannot say that the record compels the conclusion that Gao has an objectively reasonable fear of forced sterilization. Gao submitted certificates from the village committees of her and her husband's villages describing the local family planning policies. According to the 2007 Profile, such certificates are subject to "widespread fabrication and fraud." Nevertheless, even if we assume that the certificates state the relevant local family planning policies,

[3]Gao also contends that, in denying her application, the IJ and the BIA considered the evidence arbitrarily and selectively. We disagree. Both the BIA and IJ considered the affidavits and other documents Gao offered as evidence, and made a case-by-case determination that the record as a whole did not establish a reasonable possibility that she would be sterilized forcibly or subjected to fines rising to the level of persecution if she returned to China. Because the BIA and IJ gave "reasoned consideration" to the evidence and explained their bases for discounting portions of it, they were not required to address specifically each piece of evidence that Gao presented. See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006).

and establish that Gao violated such policies, they do not establish that she would be sterilized forcibly as a result. The certificates state that, if a couple gives birth to a girl -- as in Gao's case -- they may obtain permission to have a second child four years later, after which one of the parents must be sterilized. Neither certificate describes the punishment for having a second child early, having a second child without permission, or refusing to be sterilized following the birth of the second child. The 2007 Country Report and 2007 Profile, however, indicate that, in the Fujian Province, economic sanctions -- instead of physical force or coercion -- were the main means of securing compliance with the local family planning policies.

Gao also submitted letters from her husband's sister and cousin -- both residents of the Fujian Province -- each stating that she had been sterilized forcibly after the birth of her second child, and that Gao would be sterilized forcibly if she returned to China. The BIA concluded correctly that these letters were written by interested witnesses who were not subject to cross-examination and that, although there was evidence that both women had been sterilized, there was no corroborating evidence that the sterilizations were performed involuntarily.[4]

---

[4]It should also be noted that Gao's sister-in-law's situation is inapplicable here because her first-born child was a boy, and thus, according to the local family planning policies, she was prohibited from having a second child altogether.

6

Substantial evidence also supports the finding that Gao failed to show a well-founded fear of economic persecution. Fines may amount to persecution if they cause a "severe economic disadvantage," considering the alien's net worth, other sources of income, and the conditions of the local economy. See In re T-Z-, 24 I.&N. Dec. 163, 173 (BIA 2007). To meet the severe economic disadvantage standard, the fine should reduce the alien "to an impoverished existence." Id. at 174. Although Gao testified that she and her husband were poorly educated and would have difficulty earning money and paying a fine if returned to China, she also testified that she had paid a smuggler $68,000 to enter the United States. In the light of this evidence, we are not compelled to conclude that a fine of only $6000 would create a "severe economic disadvantage" such that it would rise to the level of economic persecution.

Substantial evidence supports the BIA's decision that Gao was unentitled to asylum; and we are not compelled to reverse the BIA's decision. Gao's failure to establish eligibility for asylum forecloses her eligibility for withholding of removal. See Forgue, 401 F.3d at 1288 n.4.

PETITION DENIED.